**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LORENZO MORA, | Case No. CV 08-6166-CBM (MLG) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| MIKE KNOWLES, WARDEN, | |
| Respondent. | |

In light of the Supreme Court's just-issued decision in <u>Swarthout v. Cooke</u>, - U.S. -, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), Petitioner is ordered to show cause in writing, on or before February 18, 2011, why the Court should not recommend the denial of the Petition and the dismissal of this action with prejudice.

In the Supreme Court decision reversing <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (9th Cir. 2010), and rejecting the Ninth Circuit's position on the standard of review applicable to California parole denials, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is

1 entitled is the minimal procedural due process protections set forth
2 in <u>Greenholtz v. Inmates of Nebraska Penal</u>, 442 U.S. 1, 16, 99 S. Ct.
3 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and
4 a statement of reasons for the denial).  <u>See</u> 2011 WL 197627 at *2.
5 The Supreme Court observed that, where the records reflect that the
6 prisoners were allowed to speak at the hearings and to contest the
7 evidence, were afforded access to their records in advance, and were
8 notified as to the reasons why parole was denied, "[t]hat should have
9 been the beginning and the end of the federal habeas courts' inquiry."
10 <u>See</u> <u>id.</u> at *3.  Under the Supreme Court's decision in <u>Cooke</u>, "it is
11 no federal concern whether California's 'some evidence' rule of
12 judicial review (a procedure beyond what the Constitution demands) was
13 correctly applied."  <u>See</u> <u>id.</u> at *3.
14     Here, petitioner is not contending that he was denied the minimal
15 procedural due process protections set forth in <u>Greenholtz</u>.  Moreover,
16 here as in <u>Cooke</u>, the record reflects that petitioner was allowed to
17 speak at the parole consideration hearing and to contest the evidence,
18 was afforded access to his records in advance, and was notified as to
19 the reasons why parole was denied.  While petitioner does contend that
20 the California courts incorrectly applied California's "some evidence"
21 rule, that is not a federal concern under the Supreme Court's decision
22 in <u>Cooke</u>.
23 //
24 //
25 //
26 //
27 //
28 //

1  In light of <u>Cooke</u>, it simply does not appear that the Court would
2 have any basis for finding or concluding that the California courts'
3 rejection of the substantive due process claim(s) being alleged in the
4 Petition was contrary to or involved an unreasonable application of
5 clearly established Supreme Court law.
6  Petitioner shall be given the opportunity to demonstrate
7 otherwise.

9 Dated: January 25, 2011

_____
Marc L. Goldman
United States Magistrate Judge

3